OPINION OF THE COURT
Timothy J. Lawliss, J.
The court previously found that on August 5, 2007 the respondent committed acts which if committed by an adult would constitute the crimes of burglary in the third degree as defined by section 140.20 of the Penal Law and criminal mischief in the fourth degree as defined by section 145.00 of the Penal Law. More specifically, the court found that Dylan broke into an unoccupied trailer and while in the trailer damaged the trailer and its contents. The court issued an order of disposition in this matter dated December 7, 2007 finding that Dylan is a juvenile delinquent and placing him in the custody of his adult sister pursuant to Family Court Act § 352.2 (1) (c) and § 353.3 (1).
During the dispositional hearing, the petitioner sought an order directing that Dylan pay restitution to the trailer’s owner in an amount of approximately $1,000. In the court’s order of disposition dated December 7, 2007, the court reserved on the request for restitution. This decision addresses the restitution request.
The court must deny the petitioner’s request because, on the facts of this case, the court does not have the authority to order the respondent to pay restitution. The controlling section regarding restitution for juvenile delinquents is Family Court Act § 353.6. Section 353.6 (1) reads, in part, as follows:
“At the conclusion of the dispositional hearing in cases involving respondents over ten years of age the court may:
“(a) recommend as a condition of placement, or order as a condition of probation or a conditional discharge, restitution in an amount” (emphasis supplied).
As that section makes clear, the court may only order restitution as a condition of probation or a conditional discharge. Because the respondent was placed, the court is without the authority to issue an order requiring the respondent to pay restitution.
Indeed, on the facts of this case, Family Court Act § 353.6 does not even permit the court to recommend as a condition of placement that the respondent pay restitution. Additional language in Family Court Act § 353.6 (1) (a) reads in part:
“In the case of placement, the court may recommend that the respondent pay out of his or her own *208 funds or earnings the amount of replacement, damage or unreimbursed medical expenses either in a lump sum or in periodic payments in amounts set by the agency with which he or she is placed.”
In this case, the respondent was not placed in the custody of any agency, but in the custody of his adult sister. Thus, there is no placement agency to set a payment schedule.
Furthermore, Family Court Act § 353.6 (2) reads in part:
“If the court recommends restitution ... in conjunction with an order of placement . . . the placement shall be made only to an authorized agency, including the division of youth, which has adopted rules and regulations for the supervision of such a program, which rules and regulations, except in the case of the division of youth, shall be subject to the approval of the state department of social services.”
When Family Court Act § 353.6 (1) (a) is read in conjunction with Family Court Act § 353.6 (2), there is a void in the statutory scheme. The statute does not grant the court the ability to issue an order placing the respondent with a suitable relative and recommending restitution be paid.
The Family Court does not have the authority to remedy this statutory void because Family Court possesses only the power which is explicitly conferred to it by statute (see Matter of Lamedh B., 299 AD2d 966 [4th Dept 2002]). Obviously, the Legislature could, and in this court’s view should, remedy this statutory void. If after considering the best interest of the child and need for protection of the community, the court concludes that placement with a relative is the best alternative, the court should not have to choose between the best alternative and the ability to, at least, recommend restitution.
In conclusion, the court will not order or recommend restitution in this case because it lacks that statutory authority to do either.